## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMILLA MUKHAILOVA, | |
| **Plaintiff,** | **No: 17 Civ. 6395** |
| **v.** | **COMPLAINT** |
| FBA OF SYOSSET LLC, JOHN KUVEIKIS, MATTHEW BRYANT, BILL SQUIRES, AND VIKTOR SHICK, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

Plaintiff Tamilla Mukhailova ("Plaintiff"), by her attorneys Wittels Law, P.C. and the

Hymowitz Law Group PLLC, brings this action against Defendants FBA of Syosset LLC ("FBA

of Syosset," "FBA," or "the Company"), John Kuveikis, Matthew Bryant and Bill Squires

(collectively, the "Defendant Owners"), and Viktor Shick, (together with FBA and the Defendant

Owners, the "Defendants"), and hereby alleges the following with knowledge as to her own acts,

and upon information and belief as to all other acts:

### OVERVIEW OF THIS DISCRIMINATION AND WAGE AND HOUR ACTION

#### A.    Discrimination and Overtime Claims

1.    Plaintiff Tamilla Mukhailova is the victim of a sexual predator in the workplace—

the Defendant Viktor Shick, a supervisor—whom her employer allowed to remain in his position

despite knowing that he not only subjected Ms. Mukhailova to ongoing sexual harassment but

that he also sexually assaulted her in the workplace, in full view of her colleagues.  Further

compounding the damage caused by the head-in-the-sand, discriminatory response of Defendant

FBA and its owners John Kuveikis, Matthew Bryant, and Bill Squires, the Company then

retaliated against Ms. Mukhailova by firing her in April 2016 without warning in response to her complaints about Defendant Shick's reprehensible and unlawful misconduct.

2.     By inexcusably failing to adequately sanction their male employee's misconduct while ignoring and then punishing their female employee for complaining about it, the Company and the Defendant Owners created a hostile work environment and subjected Ms. Mukhailova to discrimination in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law.  Ms. Mukahailova thus sues her former employer FBA Syosset, her supervisor Defendant Shick and the Defendant Owners to hold them accountable for causing her extensive emotional and monetary damages.

3.     To make matters even worse, in addition to subjecting her to discrimination and harassment, the Company also routinely underpaid Ms. Mukhailova by failing to pay her for all overtime hours worked.  The Company's pay deficiencies constitute violations of both the federal Fair Labor Standards Act and New York Labor Law.  Plaintiff thus brings this civil action against Defendants for compensatory and punitive damages.

**B.      Summary of Defendants' Misconduct**

4.     Defendant FBA of Syosset is an employment benefits administration company that offers benefits packages to employees of third party businesses, particularly home healthcare companies.  FBA manages employee benefits packages on behalf of their client companies and provides bilingual customer assistance to the employees of those companies.

5.     In her role as an FBA customer service representative, Ms. Mukhailova managed client accounts and offered customer service in Russian, Turkish, Farsi and English.

6.     Defendant Viktor Shick sexually harassed Ms. Mukhailova throughout her employment at FBA by making lewd comments, making unwanted physical contact with her,

stalking her in the parking lot after business hours, and repeatedly pressuring her to spend time with him outside of the office.  The harassment culminated in Defendant Shick unhooking Ms. Mukhailova's bra in full view of her colleagues and touching her continuously while she was on the phone with a customer and unable to protest.

7.      Throughout her employment, the owners of the Company, Defendants John Kuveikis, Matthew Bryant, and Bill Squires, condoned and exacerbated Defendant Shick's unlawful, discriminatory and abusive conduct and were well-aware of Defendant Shick's history of sexual harassment, sexual assault and discrimination against women.

8.      When Ms. Mukhailova complained to management and the Defendant Owners, the only reprimand Defendant Shick received was the instruction to temporarily work from home.  Defendant Shick was never relieved from his position, or suspended or disciplined in any way for his abusive conduct.  Indeed, he was eventually allowed to come back to the office.

9.      In response to Ms. Mukhailova's complaints to management concerning the harassment, Defendant Shick retaliated against her by limiting her phone access at work, telling FBA's clients not to speak with her, and by misdirecting Plaintiff's work-related phone calls— hindering and effectively precluding Plaintiff from doing her job.

10.     The Company and the Defendant Owners were aware of Defendant Shick's retaliation against Ms. Mukhailova.

11.     Adding to the injustice she had already suffered at FBA, Ms. Mukhailova was eventually terminated with no explanation, while, upon information and belief, Defendant Shick remains employed at the Company.

12.     In addition to the misconduct described above, FBA has routinely failed to pay Ms. Mukhailova for all overtime hours she worked, as required by the Fair Labor Standards Act

and state wage laws, and violated its obligation to maintain accurate records of the time Plaintiff worked and to provide Plaintiff with accurate wage statements. Further, FBA failed to compensate Ms. Mukhailova for her last week of employment.

13.     FBA's failure to properly compensate Ms. Mukhailova for all hours worked is a violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and its supporting regulations and the New York Labor Law and its implementing regulations ("NYLL" or "N.Y. Labor Law"). Further, the failure to provide accurate wage statements is a violation of N. Y. Labor Law § 195.

14.     Defendants' conduct was knowing, malicious, willful and wanton and/or shows a reckless disregard for Plaintiff, and caused Plaintiff to suffer substantial economic and non-economic damages, including substantial harm to her professional and personal reputation, and severe mental anguish and emotional distress.

15.     Ms. Mukhailova seeks compensatory and punitive damages, attorneys' fees, costs, and expenses, pre- and post-judgement interest, and other appropriate legal relief pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

16.     This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq.*, in that Defendants engaged in discriminatory treatment of Plaintiff on the basis of her sex. Defendants created a hostile work environment when they subjected Plaintiff to consistent and severe sexual harassment culminating in sexual assault. Further, for purely retaliatory reasons, Defendants escalated the discriminatory treatment and eventually discharged Plaintiff.

17.     This Court also has subject matter jurisdiction over this action because Plaintiff seeks relief under the FLSA, 29 U.S.C. § 201 *et seq.*

18.     This Court possesses supplemental jurisdiction over Plaintiff's NYLL claims and common law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same case or controversy.

19.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1343.

20.     This Court has personal jurisdiction over Defendant FBA of Syosset because it is a New York corporation headquartered in New York State.

21.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, was subjected to employment discrimination by Defendants while employed at FBA of Syosset, which does business in Garden City, New York, within the Eastern District of New York, and a substantial part of the events giving rise to these claims occurred in said locale.

22.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## **PARTIES**

23.     Plaintiff Tamilla Mukhailova is and was at all relevant times hereto a resident of Kings County, New York, and is a former employee of FBA of Syosset.  Ms. Mukhailova was employed as a customer service representative at FBA from January 11, 2016 until her termination on April 25, 2016.

24.     Defendant FBA of Syosset LLC was established in 2013 and is based in Garden City, NY.  At all relevant times hereto, the Company has done business in the State of New

York, within the jurisdiction of the Eastern District of New York, and has continuously employed at least 15 workers.

25.     Upon information and belief, Defendant FBA meets the definition of "employer" under all applicable statutes.

26.     Upon information and belief, Defendant Viktor Shick was at all relevant times employed by FBA of Syosset as a supervisor.  Defendant Shick was Plaintiff's direct supervisor during the first month of her employment, and continued exerting supervisory control over Plaintiff throughout the rest of her tenure at FBA.

27.     In his capacity as a supervisor, Mr. Shick had the authority to hire, promote and terminate customer service representatives and to control customer representatives' phones—the main instrument of their work—by rerouting calls, listening in on calls, and joining calls between representatives and customers.

28.     Upon information and belief, Defendants John Kuveikis, Matthew Bryant and Bill Squires are the Owners and Principal Partners of FBA of Syosset.

29.     Upon information and belief, Defendants John Kuveikis, Matthew Bryant and Bill Squires had power over all personnel decisions, including the authority to hire and fire Plaintiff at all times relevant to this Complaint.

## ADMINISTRATIVE PREREQUISITES

30.     All conditions precedent to the filing of this lawsuit have been met.  Plaintiff timely filed charges of discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"), and Plaintiff files the instant Complaint within 90 days from her receipt of the "Right To Sue Letter" she received from the EEOC.  (*See* Exhibit A.)

## FACTUAL ALLEGATIONS

**A.**     **Plaintiff's Four-Month Tenure at FBA of Syosset LLC**

31.     Prior to her hiring, Ms. Mukhailova went through two rounds of interviews with FBA in December of 2015.  Along with Defendants Kuveikis, Bryant and Squires, Defendant Shick was also present during Ms. Mukhailova's second interview and informed Plaintiff that her hiring "depended on him."

32.     Ms. Mukhailova began her employment at FBA on January 11, 2016.  As a customer service representative at FBA of Syosset, Plaintiff was non-exempt from the overtime provisions of the FLSA and was paid $15 per hour.

33.     For the first month of her employment, Ms. Mukhailova was directly supervised by Mr. Shick, who listened in on her customer service calls and showed her how to perform her daily tasks.  In February 2016, Ms. Mukhailova was assigned an official supervisor, Cynthia Zhang; however, Mr. Shick continued to play a supervisory role and exercise substantial control over Ms. Mukhailova's work by, *inter alia*, maintaining control over Plaintiff's phone, her call logs and her interactions with clients.

34.     Ms. Mukhailova was an above-average employee throughout her tenure at FBA of Syosset and never received complaints or negative feedback regarding her performance, either from supervisors or from clients.

35.     On Monday, April 25, 2016, Ms. Mukhailova showed up for work only to find that her workstation had been emptied and that her employment was terminated by the Defendant Owners.

**B.**     **Defendants' Unlawful Discrimination and Retaliation Against Plaintiff**

37.     Defendant Shick's harassing and discriminatory treatment of Ms. Mukhailova started even before her employment with FBA of Syosset officially began.  During Plaintiff's second-round interview with the Company, Defendant Shick insisted that Ms. Mukhailova answer questions about her personal life, asking Ms. Mukhailova in Russian if she had a boyfriend.  When she protested and asked if she had to answer questions about her personal life, Defendant Shick told Plaintiff that she did indeed have to answer in order to demonstrate her Russian proficiency.  The Defendant Owners were present during the interview and knew that Defendant Shick had asked such a personal question and forced Ms. Mukhailova to answer. Although Defendant Shick asked her the question in Russian, Ms. Mukhailova protested in English, so that the Defendant Owners could understand that she was uncomfortable.

38.     Defendant Shick's inappropriate conduct escalated once Ms. Mukhailova started work at FBA on January 11, 2016, as he began making unwanted physical contact with her, making sexually explicit comments, and attempting to use his supervisory position to badger her into meeting him socially.

39.     During the first week of her employment, Ms. Mukhailova was told to sit next to Defendant Shick at his workstation, so that he could train her on performing her daily tasks.  During that week Defendant Shick constantly insisted on sitting unnecessarily close to Ms. Mukhailova, and repeatedly touched her in a way that made Plaintiff feel intimidated and uncomfortable.

40.     During the week of January 18, 2016, Ms. Mukhailova was given her own workstation next to Defendant Shick's workstation.  When she complained to Defendant Squires and another supervisor, Cynthia Zhang, about her desk location and asked that she be physically

separated from Mr. Shick due to his inappropriate touching, Defendant Squires and Ms. Zhang acknowledged that they knew about Defendant Shick's history of harassing behavior and stated that "he is always like that." Their only response was to move Ms. Mukhailova to another workstation.

41.     At the end of January 2016, Defendant Shick printed out a flyer from a "swingers' club"—a club where people exchange sexual partners—and gave it to Ms. Mukhailova, insisting that she join him there as his partner.

42.     In the beginning of February 2016, Ms. Mukhailova found Defendant Shick waiting for her in the parking lot after work. When she unlocked her car, Defendant Shick forced his way into the passenger seat and refused to leave until Plaintiff said that she was going to call someone.

43.     In the beginning of February 2016, Cynthia Zhang became Plaintiff's official supervisor, yet Mr. Shick continued to maintain control over Plaintiff's phone and her call logs, and continued to subject her to his sexual advances toward her.

44.     Throughout the following weeks, Defendant Shick continued to pressure Plaintiff to meet with him socially, despite the fact that Plaintiff refused every invitation and made it clear the advances were unwanted. On more than one occasion Defendant Shick disabled Ms. Mukhailova's phone and said that he would give her the password to enable it again only if she agreed to go on a date with him.

45.     In retaliation for Plaintiff's consistent and firm rejection of his advances, Defendant Shick falsified Plaintiff's telephone log files by changing them from indicating that she had served certain customers, to indicating that Defendant Shick had served them. This gave

the appearance to Ms. Zhang and the Company that Plaintiff was not taking any calls and therefore failing to do her job.

46.     Further escalating his campaign of harassment, in February 2016 Defendant Shick assaulted Ms. Mukhailova in plain view of everyone in their office.  While Ms. Mukhailova was on the phone with a customer and unable to immediately respond or defend herself, Defendant Shick approached her desk and began touching her body.  He proceeded to unhook Ms. Mukhailova's bra and continued touching her.

47.     At least five FBA employees were in the room when the incident occurred and several of them observed Defendant Shick's actions.  Plaintiff eventually had to apologize to the customer on the phone and end the conversation because Defendant Shick would not stop and no one in the office had tried to stop his assault.  Plaintiff complained about the incident to Ms. Zhang, who then relayed the vile behavior to the Defendant Owners.

48.     Defendant Shick's assault, and his prior history of harassment, caused Ms. Mukhailova to feel humiliated, anxious, depressed, and extremely stressed.  Plaintiff also felt threatened and afraid for her physical safety.

49.     On information and belief, the following day Defendants Kuveikis, Bryant and Squires held a meeting about the incident, after which Defendant Shick was told not to come to the office and to work from home instead.  However, Defendant Shick continued to exercise control over Plaintiff's telephone account such that he could (and frequently did) re-route her calls to his phone, or intrude on her calls with customers.

50.     The following week, a meeting was held between the Defendant Owners, Plaintiff Mukhailova and a company lawyer, in which Ms. Mukhailova again recounted the assault and Defendant Shick's prior and ongoing harassment and discrimination.

51.     The Company took no disciplinary action against Defendant Shick in response to Ms. Mukhailova's complaint.

52.     Two days later, Defendants Kuveikis, Bryant and Squires met with Defendant Shick, after which Defendant Shick stopped coming to the office but was allowed to continue working from home.  Consequently, Defendant Shick's harassment, discrimination and retaliation against Ms. Mukhailova continued as well.

53.     On information and belief, over the next several weeks Defendant Shick repeatedly told customers that if they called FBA and Plaintiff answered the phone, they should not give their personal information to her, thereby rendering Plaintiff completely unable to do her job.

54.     In retaliation for her having reported his sexual assault, Defendant Shick made it virtually impossible for Ms. Mukhailova to do her job effectively.  Despite the fact that he was working remotely, Defendant Shick's constant interference in Plaintiff's phone conversations and customer interactions also caused Plaintiff to feel fearful and intimidated any time she was speaking with a customer.

55.     The Defendant Owners were well aware of Defendant Shick's misconduct because on at least one occasion they, along with Ms. Zhang, listened in on Plaintiff's conversations with customers and heard these customers refusing to give Plaintiff any personal information because Defendant Shick had told them not to.

56.     On information and belief, the Company was also aware that Mr. Shick had engaged in verbal and physical sexual harassment directed toward other female employees.  For example, FBA employee Ronnie Tsang had previously complained of Defendant Shick's persistent sexual remarks.  Further, FBA employee Stacy Imbasciani complained that Defendant

Shick had touched her leg in a sexual manner during a shared car service ride.  Moreover, upon information and belief, Defendant Shick sexually harassed and touched female employees of FBA's client companies, and FBA received numerous complaints related to his behavior.

57.     No similarly situated male employees were subjected to harassment or abuse by Defendant Shick, or by any other employee or supervisor at FBA of Syosset.

58.     As a result of the Company's gross inaction and failure to terminate Defendant Shick's employment because of his actions, he remained unconstrained in a position of power, and was enabled by FBA to harass, intimidate and assault Ms. Mukhailova.  He was also permitted to retaliate against Plaintiff by hindering her job performance, disrupting her interactions with clients, and altering her call logs to give the appearance that she was functioning poorly at work.

59.     On April 25, 2016, the Company terminated Plaintiff, giving her no notice, severance, or any kind of compensation.  On the day that Plaintiff was terminated, Defendant Shick was back in the office.

60.     Defendants' unlawful employment practices complained of above were directed at Plaintiff by virtue of her sex and were willful and in malicious and reckless disregard of Plaintiff's civil rights under federal, state, and local law.

**C.     Defendant FBA's Wage and Hour Violations**

61.     FBA routinely failed to pay Ms. Mukhailova for all overtime hours that she worked, as required by the FLSA and the NYLL.

62.     Plaintiff regularly worked between 44 and 48 hours per week, frequently leaving the office after 7:00 p.m.  At times, Plaintiff worked as many as 60 hours per week.  Yet her pay stubs consistently reflected 40 work hours of work per week, without regard to her actual

working time.  FBA therefore violated its obligation to maintain accurate records of Plaintiff's

hours and to provide her with accurate wage statements.

63.     Further exacerbating the unlawful pay practices and recording errors, the person

responsible for tracking employees' hours at FBA typically worked offsite and therefore had no

first-hand knowledge of employees' work hours.  Plaintiff therefore had no avenue by which to

ensure that her hours were recorded correctly.

64.     FBA also failed to compensate Plaintiff for her last week of work.

## COUNT I
### HARASSMENT AND DISCRIMINATION IN VIOLATION OF TITLE VII
### AGAINST ALL DEFENDANTS

65.     Plaintiff realleges and incorporates by reference each and every allegation

contained in the preceding paragraphs as if fully set forth herein.

66.     By the acts and practices described above, including but not limited to sexual

harassment, creating a hostile work environment for Plaintiff because of her sex, denying her the

opportunity to work in an environment free of unlawful discrimination, and ignoring Plaintiff's

complaints of harassment, Defendants discriminated against Plaintiff on the basis of her sex in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e) *et seq.*

67.     Defendants FBA, Kuveikis, Bryant and Squires discriminated against Plaintiff on

the basis of her sex in violation of Title VII by fostering, condoning, accepting, ratifying and/or

otherwise failing to prevent or to remedy harassment and discrimination against Plaintiff by her

supervisor Defendant Shick.

68.     Defendants are liable as Plaintiff's "employers" pursuant to Title VII.

69.     As a direct and proximate result of Defendants' unlawful and discriminatory

conduct in violation of Title VII, Plaintiff suffered severe mental anguish and emotional distress,

13

including but not limited to depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

70.     Defendants' actions constitute malicious, willful and wanton violations of Title VII for which Plaintiff is entitled to an award of punitive damages.

## COUNT II
### HARASSMENT AND DISCRIMINATION IN VIOLATION OF THE NYSHRL AGAINST ALL DEFENDANTS

71.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

72.     By the actions described above, among others, Defendants have intentionally discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL, through a pattern and practice of subjecting Plaintiff to sexual harassment, denying Plaintiff equal terms and conditions of employment, denying her the opportunity to work in an environment free of unlawful discrimination, ignoring Plaintiff's complaints of discrimination and harassment, and denying her other benefits equal to that of other employees.

73.     Defendants FBA, Kuveikis, Bryant and Squires discriminated against Plaintiff on the basis of her sex in violation of the NYSHRL by fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy harassment and discrimination against Plaintiff by her supervisor Defendant Shick.

74.     Defendants are liable as Plaintiff's "employers" pursuant to the NYSHRL.

75.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff suffered severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety,

and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

76.     Defendants' unlawful and retaliatory actions constitute malicious, willful and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## COUNT III
### AIDING AND ABETTING VIOLATIONS OF NYSHRL
### AGAINST DEFENDANTS SHICK, KUVEIKIS, BRYANT AND SQUIRES

77.     Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

78.     Defendants Viktor Shick, John Kuveikis, Matthew Bryant and Bill Squires knowingly or recklessly aided and abetted unlawful employment practices and discrimination against Plaintiff in violation of the NYSHRL by actively participating in the unlawful conduct set forth above.

79.     Defendants John Kuveikis, Matthew Bryant and Bill Squires aided and abetted discrimination against Plaintiff on the basis of her sex in violation of the NYSHRL through a pattern and practice of fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sexual harassment and discrimination of Plaintiff by her supervisor Viktor Shick.

80.     As a direct and proximate result of Defendants' unlawfully aiding and abetting discrimination against Plaintiff in violation of the NYSHRL, Plaintiff has suffered severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

81.     Defendants' unlawful and retaliatory actions constitute malicious, willful and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## COUNT IV
### DISCRIMINATION AND HARASSMENT IN VIOLATION OF NYCHRL
### AGAINST ALL DEFENDANTS

82.     Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

83.     Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL, by denying Plaintiff the same terms and conditions of employment available to male employees, denying her the opportunity to work in an employment setting free of unlawful harassment, denying her other benefits and protections equal to that of other employees, and ignoring Plaintiff's complaints of harassment and discrimination.

84.     Defendants have discriminated against Plaintiff on the basis of her sex in violation of the NYCHRL through a pattern and practice of fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sexual harassment of Plaintiff by her superior Viktor Shick.

85.     Defendants are liable as Plaintiff's "employers" pursuant to the NYCHRL.

86.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered harm for which she is entitled to an award of monetary damages and other relief.

87.     Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## COUNT V
### AIDING AND ABETTING VIOLATIONS OF NYCHRL
### AGAINST DEFENDANTS SHICK, KUVEIKIS, BRYANT AND SQUIRES

88.     Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

89.     Defendants Viktor Shick, John Kuveikis, Matthew Bryant and Bill Squires knowingly or recklessly aided and abetted unlawful employment practices and discrimination against Plaintiff in violation of the NYCHRL by actively participating in the unlawful conduct set forth above.

90.     Defendants John Kuveikis, Matthew Bryant and Bill Squires aided and abetted discrimination against Plaintiff on the basis of her sex in violation of the NYCHRL through a pattern and practice of fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive sexual harassment and discrimination of Plaintiff by her supervisor Viktor Shick.

91.     As a direct and proximate result of Defendants Viktor Shick, John Kuveikis, Matthew Bryant and Bill Squires' unlawfully aiding and abetting discrimination against Plaintiff in violation of the NYCHRL, Plaintiff has suffered severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## COUNT VI

### RETALIATION IN VIOLATION OF TITLE VII
### AGAINST ALL DEFENDANTS

92.     Plaintiff realleges and incorporates by reference each and every allegation

contained in the aforementioned paragraphs as though fully set forth herein.

93.     Defendant Viktor Shick retaliated against Plaintiff by, *inter alia,* harassing her,

humiliating her, undermining her ability to effectively perform her job, denying her opportunities

for promotion and growth, and by stripping her of important responsibilities, exposure and other

privileges of employment that are extended to male employees because she refused his advances

and reported his abuse to the Company.

94.     Defendant Shick, along with Defendants FBA, Kuveikis, Bryant and Squires,

further retaliated against Plaintiff by terminating her employment because of her opposition to

and/or her reporting of his sexual assault, harassment and discrimination against her to the

Company.

95.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct

in violation of Title VII, Plaintiff has suffered monetary and/or economic damages, including,

but not limited to, loss of past and future income, compensation and benefits, for which she is

entitled to an award of monetary damages and other relief.

96.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct

in violation of Title VII, Plaintiff suffered severe mental anguish and emotional distress,

including but not limited to humiliation, embarrassment, stress and anxiety, and emotional pain

and suffering for which she is entitled to an award of damages and other relief.

97.     Defendants' unlawful and retaliatory actions constitute malicious, willful and

wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## COUNT VII

### RETALIATION IN VIOLATION OF NYSHRL
### AGAINST ALL DEFENDANTS

98.    Plaintiff realleges and incorporates by reference each and every allegation

contained in the aforementioned paragraphs as though fully set forth herein.

99.    Defendant Viktor Shick retaliated against Plaintiff by, *inter alia,* harassing her,

humiliating her, undermining her ability to effectively perform her job, denying her opportunities

for promotion and growth, and by stripping her of important responsibilities, exposure and other

privileges of employment that are extended to male employees, and ultimately terminating her in

violation of the NYSHRL, for her opposition to and/or her reporting of his sexual harassment

and discrimination against her.

100.    Defendant Shick, along with Defendants FBA, Kuveikis, Bryant and Squires,

further retaliated against Plaintiff by terminating her employment because of her opposition to

and/or her reporting of his sexual harassment, sexual assault and discrimination against her to the

Company.

101.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct

in violation of the NYSHRL, Plaintiff has suffered monetary and/or economic damages,

including, but not limited to, loss of past and future income, compensation and benefits, for

which she is entitled to an award of monetary damages and other relief.

102.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct

in violation of the NYSHRL, Plaintiff suffered severe mental anguish and emotional distress,

including but not limited to humiliation, embarrassment, stress and anxiety, and emotional pain

and suffering for which she is entitled to an award of damages and other relief.

103.    Defendants' unlawful and retaliatory actions constitute malicious, willful and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

**COUNT VIII**

**RETALIATION IN VIOLATION OF THE NYCHRL**
**AGAINST ALL DEFENDANTS**

104.    Plaintiff realleges and incorporates by reference each and every allegation contained in the aforementioned paragraphs as though fully set forth herein.

105.    Defendant Viktor Shick retaliated against Plaintiff by, *inter alia,* harassing her, humiliating her, undermining her ability to effectively perform her job, denying her opportunities for promotion and growth, and by stripping her of important responsibilities, exposure and other privileges of employment that are extended to male employees, and ultimately terminating her in violation of the NYCHRL, for her opposition to and/or her reporting of his sexual harassment and discrimination against her.

106.    Defendant Shick, along with Defendants FBA, Kuveikis, Bryant and Squires, further retaliated against Plaintiff by terminating her employment in violation of the NYCHRL, for her opposition to and/or her reporting of his sexual harassment and discrimination against her to the Company.

107.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

108.    As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of the NYCHRL, Plaintiff suffered severe mental anguish and emotional distress,

including but not limited to humiliation, embarrassment, stress and anxiety, and emotional pain and suffering for which she is entitled to an award of damages and other relief.

109.    Defendants' unlawful and retaliatory actions constitute malicious, willful and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## COUNT IX
### UNPAID OVERTIME WAGES IN VIOLATION OF THE FLSA
### AGAINST DEFENDANT FBA

110.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

111.    At all relevant times, Plaintiff was employed by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

112.    At all relevant times, Plaintiff was an employee of Defendant FBA of Syosset within the meaning of 29 U.S.C. § 203(e).

113.    The FLSA requires covered employers, such as FBA of Syosset, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per workweek.  29 U.S.C. § 207.  As such, Plaintiff is entitled to overtime compensation at one and one-half times her regular rate of pay for all work she performed in excess of forty hours per week.

114.    In violation of the FLSA, FBA failed to pay Plaintiff overtime wages at time-and-a-half her regular rate of pay for all hours that she worked over 40 hours in a workweek.

115.    Defendant FBA failed to make, keep, and preserve accurate records with respect to Plaintiff, including hours worked each workday and total hours worked each workweek, as required by 29 U.S.C. § 211(c), and supporting federal regulations.

116.     As a result of FBA's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT X
### FAILURE TO PROVIDE PROMPT PAYMENT IN VIOLATION OF THE FLSA AGAINST DEFENDANT FBA

117.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

118.     The FLSA mandates that wages be promptly paid and that they not be unreasonably delayed.

119.     In violation of the FLSA, Defendant FBA has failed to promptly pay Plaintiff for her last week of employment at the Company.

120.     Defendant FBA's unlawful conduct is willful and intentional.  Defendant FBA was aware or should have been aware that its practices with respect to the compensation of Plaintiff were unlawful.  Because Defendant FBA willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

121.     Defendant FBA has not made a good faith effort to comply with the FLSA's prompt payment requirement.

122.     As a result of Defendant FBA's unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts as well as liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT XI

### FAILURE TO PAY WAGES IN VIOLATION OF THE NYLL
### AGAINST DEFENDANT FBA

123.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

124.     Defendant FBA of Syosset has failed to pay Plaintiff all wages due, including overtime wages, for the hours she worked for Defendant during her final week of employment. The NYLL, Article 6, requires that wages be paid on an employee's regular payday for all hours worked.

125.     Due to Defendant's violations of the NYLL, Plaintiff is entitled to recover from Defendant her unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

126.     Defendant's failure to comply with the NYLL caused Plaintiff to suffer loss of wages and interest thereon.

127.     Defendant's failure to comply with the NYLL was willful.

## COUNT XII

### UNPAID OVERTIME WAGES IN VIOLATION OF THE NYLL
### AGAINST DEFENDANT FBA

128.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

129.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant FBA of Syosset and protect Plaintiff.

130.     In violation of NYLL and  applicable regulations FBA has failed to pay Plaintiff overtime compensation.

131.     By Defendant FBA's knowing or intentional failure to pay Plaintiff at the correct

overtime rate, Defendant has willfully violated NYLL Art. 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

132.    Due to Defendant FBA's willful violations, Plaintiff is entitled to recover from Defendant her unpaid overtime wages earned, as well as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 663.

## COUNT XIII
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF THE NYLL
### AGAINST DEFENDANT FBA

133.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

134.    FBA of Syosset willfully failed to provide Plaintiff with accurate statements of wages, as required by NYLL § 195(3), by omitting overtime hours.

135.    Through its knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendant FBA has willfully violated NYLL Art. 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

136.    Due to Defendant FBA's willful violations of NYLL Art. 6, § 195(3), Plaintiff is entitled to statutory penalties of $250 for each workweek that Defendant failed to provide her with accurate wage statements, or a total of up to $5,000, plus reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL Art. 6, § 198(1-d).

## COUNT XIV
### NEGLIGENT RETENTION AND SUPERVISION
### AGAINST DEFENDANT FBA AND DEFENDANTS KUVEIKIS, BRYANT AND SQUIRES

137.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

138.    Defendants FBA, Kuveikis, Bryant and Squires are liable for the negligent retention and supervision of Defendant Viktor Shick because they ignored the various complaints lodged against him by Plaintiff as well as other female employees of the Company.

139.    In the exercise of due care, Defendants FBA, Kuveikis, Bryant and Squires should have been aware of Defendant Shick's propensity for harassment and inappropriate and unlawful workplace behavior, including subjecting female employees to unwanted sexual attention as well as sexual assault.

140.    As a consequence of Defendant Shick's wholly unlawful, intentional, reckless and negligent conduct, Defendants caused damage and injury to Plaintiff Mukhailova, for which she is entitled to an award of damages and other relief.

141.    As a consequence of Defendants' intentional infliction of emotional distress upon Plaintiff Mukhailova, Plaintiff sustained conscious pain and suffering, her health was impaired, Plaintiff suffered great mental distress, shock, fright, and humiliation, and Plaintiff's reputation and character were injured, for which she is entitled to an award of damages and other relief.

142.    By virtue of the aforesaid conduct, Plaintiff is also entitled to punitive damages against Defendants FBA, Kuveikis, Bryant and Squires, jointly and severally, in an amount to be determined at trial.

**<u>PRAYER FOR RELIEF</u>**

Wherefore, the Plaintiff respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against individuals due to their sex.

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities to all employees, which policies eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendants to make Ms. Mukhailova whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendants to make Ms. Mukhailova whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described herein, in amounts to be determined at trial.

E.      Order Defendants to make Ms. Mukhailova whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein, which caused emotional and mental pain, suffering, inconvenience, humiliation, loss of enjoyment of life, and stress and anxiety, in amounts to be determined at trial.

F.      Order Defendants to pay statutory penalties of $250 for each workweek that FBA failed to provide Plaintiff with accurate wage statements, or a total of $5,000, as provided for by NYLL Art. 6 § 198.

G.      An award of unpaid overtime pay and liquidated damages permitted by law pursuant to the FLSA, the NYLL and the supporting New York State Department of Labor Regulations.

H.      An award of unpaid wages and liquidated damages pursuant to the FLSA and the NYLL.

I.      Order Defendants to pay Ms. Mukhailova individual punitive damages for their malicious and reckless conduct, as described herein, in amounts to be determined at trial.

26

J.      Grant such further relief as the Court deems necessary and proper.


Dated:  November 2, 2017
        Armonk, New York

                                        By:    /s/  Steven L. Wittels
                                               Steven L. Wittels (SW-8110)
                                               J. Burkett McInturff (JM-4564)
                                               Tiasha Palikovic (TP-5697)

                                               WITTELS LAW, P.C.
                                               18 HALF MILE ROAD
                                               ARMONK, NEW YORK 10504
                                               Telephone:  (914) 319-9945
                                               Facsimile:  (914) 273-2563
                                               slw@wittelslaw.com
                                               jbm@wittelslaw.com
                                               tpalikovic@wittelslaw.com

                                               Daniel Hymowitz (DH-0936)
                                               Andrey Belenky (AB-0168)
                                               HYMOWITZ LAW GROUP, PLLC
                                               1629 SHEEPSHEAD BAY ROAD
                                               BROOKLYN, NY 11235
                                               Telephone: (718) 807-9900
                                               Facsimile: (866) 521-6040
                                               daniel@hymowitzlaw.com
                                               abelenky@hymowitzlaw.com

                                               *Attorneys for Plaintiff*