

# WITTELS LAW
New York & New Jersey

**Steven L. Wittels**  
**Partner**  
slw@wittelslaw.com

18 Half Mile Road  
Armonk, New York 10504  
T: (914) 319-9945   F: (914) 273-2563

August 14, 2018

**Via Express Mail**  
Honorable A. Kathleen Tomlinson  
United States Magistrate Judge  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY 11722-9014

Re:   No. 17 Civ. 6395 (JFB) (AKT): *Mukhailova v. FBA of Syosset, LLC*

Dear Judge Tomlinson:

On May 8, 2018, Plaintiff Tamilla Mukhailova ("Plaintiff") and Defendants FBA of Syosset, LLC ("FBA"), Matthew Bryant ("Bryant"), John Kuveikis ("Kuveikis"), William Squires ("Squires") and Victor Shick ("Shick") (collectively, "Defendants") reached a settlement in principle of all claims in the above action.  After extensive follow-up negotiations with the help of Mediator Stephen Sonnenberg, the parties in the above-titled matter finalized their settlement on August 2, 2018. As one of those claims arises from an alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the parties jointly submit this letter motion to seek approval of their settlement.   Pursuant to Your Honor's Minute Order dated May 22, 2018, enclosed please find the executed Wage and Hour Settlement and Release Agreement ("Wage and Hour Settlement Agreement") and a Stipulation of Discontinuance, attached hereto as Exhibits A and B, respectively.  For the reasons set forth in further detail below, Plaintiff, with Defendants consent, requests that the Court approve the Wage and Hour Settlement Agreement as a fair and reasonable resolution of a bona fide dispute as to Plaintiff's claim to unpaid overtime under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and endorse the enclosed Stipulation of Discontinuance, which starts the clock running on the effective date for distribution of the settlement funds.

**Honorable A. Kathleen Tomlinson**                                                       Page **2** of **4**
August 14, 2018

## PROCEDURAL HISTORY, BACKGROUND, FACTUAL ALLEGATIONS AND THE DISPUTE

On November 2, 2017, Plaintiff filed a complaint with the Court asserting claims against Defendants to recover alleged unpaid overtime wages pursuant to the FLSA and the New York Labor Law § 190 et seq. ("NYLL"), among other claims. ("Complaint").  As alleged in the Complaint, Plaintiff Mukhailova is a former customer service associate employed by FBA for 15 weeks from January 11, 2016 to April 25, 2016.  ECF No. 1, Compl. ¶ 23.  During this time, Plaintiff alleges she worked between 4–8 hours of overtime each week and "at times" worked up to 20 overtime hours per week.  *Id.* ¶ 62.  Plaintiff's overtime rate was $22.50.  *See* Exhibit C ("Notice and Acknowledgement of Pay Rate and Payday Under Section 195.1 of the New York State Labor Law").  Accordingly, Plaintiff estimates that she worked approximately 10 hours of overtime per week, i.e., 150 overtime hours total from January 11, 2016 to April 25, 2016, which equates to $3375.00 in overtime pay allegedly owed.  Below is the damages spreadsheet chart based on Plaintiff's estimation, which Your Honor requested:

| Spreadsheet of FLSA Unpaid O.T. Claim | | | | | |
|---|---|---|---|---|---|
| Period Start | Period End | O.T. Rate | Unpaid O.T. Hours | # Weeks | Total |
| 1/11/2016 | 4/25/16 | $22.50 | 150 | 15 | $3375.00 |

Defendants wholly dispute that Plaintiff is entitled to any unpaid overtime per Plaintiff's time and pay records and other evidence.

### THE SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

Per the enclosed Wage and Hour Settlement Agreement, the amount of the settlement Plaintiff will receive exceeds the amount of claimed wages that Plaintiff calculates she could have recovered at trial.  This represents a fair and reasonable resolution of Plaintiff's FLSA claims.

The proposed settlement agreement resolves *bona fide* disputes over a sharply contested issue regarding the hours Plaintiff worked. The settlement was reached with the aid of Mediator Stephen Sonnenberg following many hours of arm's length discussions between counsel well-versed in wage and hour law.  Prior to the settlement conference, the parties conducted a

thorough investigation, evaluated the claims and defenses and had discussions regarding the valuation of the case, legal precedent, and ability to pay.  Based on the uncertainties of the overtime claims and the risks to each side, Plaintiff's recovery is a fair and reasonable settlement that represents a substantial amount of Plaintiff's actual damages under the FLSA.  Moreover, considering that Defendants had not yet taken Plaintiff's depositions and the parties had anticipated motion practice, the parties stand to incur significant costs and legal fees in pursuing litigation, and, by settling, avoid those costs and the risks of litigation.  Because the settlement payment represents a substantial amount of Plaintiff's unpaid wages and was negotiated at arm's length, the Court should approve the Agreement as fair and reasonable.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (considering possible range of recovery, litigation risks and costs, and whether agreement is product of arm's length bargaining in determining whether settlement is fair and reasonable).

As to the additional terms of the Settlement Agreement which would typically be subject to scrutiny under *Cheeks* review, the release of claims to which Plaintiff has agreed is permissible because it is limited to claims Plaintiff did or could have brought under the FLSA, NYLL and New York Code of Rule and Regulations.  *Ceesae v. TT's Car Wash Corp.,* No. 17 Civ. 291 (ARR) (LB), 2018 U.S. Dist. LEXIS 1796, at *14 (E.D.N.Y. Jan. 3, 2018).

## ATTORNEY'S FEES

Plaintiff's attorney's fees are 33.3% of the total settlement amount after reimbursements of costs.  This amount is presumptively fair.  *See Matter of Lawrence*, 24 N.Y.3d 320, 339 (2d Cir. 2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written."); *see also Medina v. Almar Sales Co.,* No. 16-CV-4107, 2017 WL 3447990, at *3 (S.D.N.Y. Aug. 10, 2017) ("Contingency fees of one-third in FLSA cases are routinely approved in this circuit."); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9008, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement in FLSA cases.").

## CONCLUSION

All parties agree that the Wage and Hour Settlement Agreement is fair and reasonable and should be approved by the Court.  This settlement will enable the parties to avoid

**Honorable A. Kathleen Tomlinson** Page **4** of **4**
August 14, 2018

anticipated burdens and expenses in establishing their respective claims and defenses in further litigation. Continuing through discovery and trial would consume significant amounts of time and resources and demand substantial judicial resources. A trial would be costly for all parties and could lead to the depletion of the resources used to resolve this matter.

Accordingly, for all the reasons set forth above, the parties request that the Court endorse the enclosed Stipulation of Discontinuance. We thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/ Steven L. Wittels_____
Steven L. Wittels

cc: All Counsel of Record (via ECF w/o enclosures; by Email w/ enclosures)
Magistrate Judge Tomlinson (via ECF w/o enclosures; by Express Mail w/ enclosures)