**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TAMILLA MUKHAILOVA,

                       Plaintiff,

      - against -                                              CV 17-6395 (AKT)

FBA OF SYOSSET LLC, JOHN KUVEIKIS,
MATTHEW BRYANT, BILL SQUIRES, and
VIKTOR SHICK,

                       Defendants.
-----------------------------------------------------------X

## ORDER APPROVING SETTLEMENT AND DISMISSAL WITH PREJUDICE OF CLAIMS

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Having reviewed the Complaint filed in this case by Plaintiff TAMILLA MUKHAILOVA as well as the Answer to the Complaint filed by the Defendants, having assessed the claims and defenses raised by the parties, having conferred at some length with counsel at the Initial Conference regarding potential resolution of this action, having taken into account the Parties' exchange of substantial documents prior to the settlement, having reviewed the damages calculations, having considered the applicable case law, having carefully reviewed the proposed Settlement Agreement and General Release, having taken into account the fact that this resolution was achieved through the auspices of a well-respected mediator, and for good cause shown, the Court hereby ORDERS, ADJUDGES and DECREES that:

1. The Settlement Agreement, to the extent it addresses claims under the Fair Labor Standards Act and the New York Labor Law: (a) is the result of arm's length negotiations and is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiff's claims; and (c) demonstrates a good faith intention by the Parties (i) to fully and finally resolve the Plaintiff's claims for liability and damages under the Fair Labor Standards Act and (ii) not to re-litigate in whole or in part at any point in the future the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiff's wages while employed by the Defendants. This Order does not address the Plaintiff's Title VII, New York State Human Rights Law and New York City Human Rights Law claims which have been resolved separately by the Parties.

2. The arguments presented by counsel with respect to the fairness and reasonableness assessment is persuasive. The Settlement Agreement meets the standards set forth in *Wolinsky v. Scholastic Inc.,* 900 F.Supp.2d 332 (S.D.N.Y.2012) in that: (a) the Plaintiff's range of possible recovery is affected by the sharply contested issue over the hours that Plaintiff actually worked; (b) the prospect exists of defense witnesses providing testimony which conflicts with Plaintiff's testimony; (c) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial; (d) the record reflects qualitative risks for both sides should the case proceed to trial; (e) the settlement is clearly the product of arm's length negotiations between experienced counsel, presided over by an experienced and respected mediator; and (f) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See*

*Wolinsky*, 900 F.Supp.2d at 335 (internal quotations omitted).

3. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is narrowly tailored to the FLSA claims asserted in this litigation; and c) the attorney's fees which equate to one-third of the total settlement amount are fair and consistent with the provisions of the retainer agreement between Plaintiff and her counsel.

4. The Plaintiff's Release of the Defendants as partial consideration for the settlement is sufficiently limited to deem the release fair and proper. The Court further notes that counsel have supplied a breakdown of the settlement monies.

5. Having reviewed the Settlement Agreement provision regarding attorney's fees, the Court finds that the attorney's fees as separately negotiated with the mediator and provided in the Settlement Agreement, are a fair and reasonable reflection of the services rendered to the Plaintiff by her counsel, Wittels Law, P.C., by Steven L. Wittels, Esq. Even if the fees had not been separately negotiated, the Court still finds that taken together, the attorney's fees would represent one-third of the settlement amount – a figure well within the parameters set by courts in this District. The Court has also reviewed the contemporaneous time records of counsel and finds that the fees requested are reasonable under the lodestar method. Courts have referred to the lodestar comparison as a "cross-check" on the issue of reasonableness. *See Velez v. Novartis Pharm. Corp.* No. 04 Civ. 09194, 2010 WL 4877852, at *12 (S.D.N.Y. Nov. 30, 2010); *Ersler*

*v. Toshiba Am., Inc.*, No. CV-07-2304, 2009 WL 454354, at *7 (E.D.N.Y. Feb. 24, 2009).

6. In light of all the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court.

7. The Court retains jurisdiction of this matter for purposes of enforcement of the settlement.

8. This lawsuit and the claims of the Plaintiff asserted in it are DISMISSED, WITH PREJUDICE, in their entirety.

9. Each party shall bear his/its own costs, except as provided to the contrary in the Settlement Agreement.

**SO ORDERED**.

Dated: Central Islip, New York
October 25, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge